fied at the hearing before the Support Magistrate that, after the prior order of child support was entered, he became disabled as the result of an ATV accident and was unable to return to work. A party seeking a downward modification of his or her child support obligation must establish a substantial change in circumstances and, "[w]here the change in circumstances is the loss of employment, a party seeking a downward modification must make a good-faith effort at seeking re-employment commensurate with his or her qualifications and experience. In the case where a party loses his [or her] job due to an injury, the party has the same obligation to find some other type of employment, unless that party can demonstrate that he or she is unable to perform other work" (*Matter of Davis v Davis*, 13 AD3d 623, 624 [2004], *lv dismissed* 5 NY3d 746 [2005] [citations omitted]). Here, the father failed to meet his burden of establishing his entitlement to a downward modification inasmuch as he did not provide competent medical evidence of his disability or establish that his alleged disability rendered him unable to work (*see Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]; *Matter of Cicardi v Cicardi*, 267 AD2d 784, 785-786 [1999]; *see also Davis*, 13 AD3d at 624).

Finally, the father contends that he was denied effective assistance of counsel based on his attorney's failure to present expert medical testimony or to introduce his medical records in evidence. We are unable to review that contention on the record before us, inasmuch as any such alleged expert medical testimony and medical records were not before Family Court and thus were properly not included in the record on appeal. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.

 In the Matter of TINA M. NEWBURY, Respondent, v AARON NEWBURY, Respondent, and GEORGIA NEWBURY, Appellant. [858 NYS2d 645]—Appeal from an order of the Family Court, Oneida County (Charles C. Merrell, J.), entered January 16, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded custody of Alexis N. to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.

 In the Matter of ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOAN DRESSER, Respondent, v DAVID YEOMANS, Appellant. (Appeal No. 1.) [858 NYS2d 619]—Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered January 24, 2007 in a proceeding pursuant to Family Court Act article 4. The order, among other things,

confirmed the determination of the Support Magistrate that respondent had willfully failed to pay child support.

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Matter of Sacco v Profit*, 133 AD2d 535 [1987]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.

■ In the Matter of ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CINDY MARSH, Formerly Known as CINDY MORGAN, Respondent, v DAVID YEOMANS, Appellant. (Appeal No. 2.) [858 NYS2d 620]—Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered January 24, 2007 in a proceeding pursuant to Family Court Act article 4. The order, among other things, confirmed the determination of the Support Magistrate that respondent had willfully failed to pay child support.

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Matter of Sacco v Profit*, 133 AD2d 535 [1987]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.

■ In the Matter of IVERY HALL, Appellant, v DEIDRE PORTER, Respondent. [859 NYS2d 786]—

Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered March 21, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody of the parties' child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: We reject the contention of petitioner father that Family Court did not have jurisdiction to award sole custody of the parties' child to respondent mother because she did not file a cross petition seeking that relief. "[T]he issue of an award of custody to any party was properly before the court [because, i]n a child custody proceeding, a court has the authority to 'enter orders for custody . . . as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child' " (*Matter of Miller v Orbaker*, 17 AD3d 1145, 1145-1146 [2005], *lv denied* 5 NY3d 714 [2005] [citation omitted]). Contrary to the father's further contentions, the record supports the court's determination that "the best interests of the child[ ]